1  Jack P. Burden, Esq.
   Nevada State Bar No. 6918
2  Jacquelyn Franco, Esq.
   Nevada State Bar No. 13484
3  **BACKUS | BURDEN**
   3050 South Durango Drive
4  Las Vegas, NV 89117
   T: (702) 872-5555
5  F: (702) 872-5545
   jburden@backuslaw.com
6  jacquelynfranco@backuslaw.com
   Attorneys for Defendant
7  *BJ's Restaurant Operations Company*

8  **UNITED STATES DISTRICT COURT**
   **DISTRICT OF NEVADA**

TRACY L'HEUREUX,

    Plaintiff,

vs.

BJ'S RESTAURANTS OPERATIONS COMPANY d/b/a BJ'S RESTAURANT & BREWHOUSE; DOES I through X; DOE EMPLOYEES I through X; and ROE ENTITITES I through X, inclusive.

    Defendants.

**2:24-cv-00051-ART-NJK**

## STIPULATED PROTECTIVE ORDER

It is being represented to the Court that Defendant BJ's Restaurants Operations Company, seeks to disclose documents which may involve trade secrets, confidential research, proprietary materials, development and/or commercial information belonging to BJ's Restaurants Operations Company.

Further, BJ's Restaurants Operations Company is willing to provide these documents for inspection, review and copying only under a Protective Order upon the hereinafter stated terms and conditions.

It being represented to the Court that all of the parties are in agreement as to the terms of the said Protective Order; therefore:

1

**STIPULATED PROTECTIVE ORDER**
Case No. 2:24-cv-00051-ART-NJK

It is hereby ORDERED:

1. BJ's Restaurants Operations Company will disclose documents that it designates "Confidential and Proprietary" (meaning they may involve trade secrets, confidential research, proprietary research, proprietary materials and/or development and/or commercial information) to the parties to this suit and their attorneys, only pursuant to this Order and under the conditions that follow. With respect to said documents being designated as "Confidential and Proprietary", BJ's Restaurants Operations Company bears the burden of showing good cause why the document contains confidential information which may be set forth in a log and/or set forth in BJ's Restaurants Operations Company's disclosure of documents. In designating information or items marked as for protection under this Order, BJ's Restaurants Operations Company must take care to limit any such designation to specific material that qualifies under the appropriate standards.

2. Any and all of the aforesaid materials disclosed by BJ's Restaurants Operations Company and the contents thereof shall be maintained in confidence by counsel for Plaintiff to the above-captioned litigation. After their production, the aforesaid materials shall maintain protection and must fully comply with the provisions below.

3. Any and all of the aforesaid materials disclosed by BJ's Restaurants Operations Company and the contents thereof shall be used only in connection with the above-captioned matter and shall not be used for any other purpose whatsoever.

4. No person who examines any document produced pursuant to this Order shall disseminate orally, in writing, or by any other means, the document(s) or the information contained therein, to any person not also authorized to examine documents under the terms of this order. Persons authorized to examine documents include counsel, counsel's staff, the parties, and experts.

. . . .

. . . .

. . . .

**STIPULATED PROTECTIVE ORDER**
**Case No. 2:24-cv-00051-ART-NJK**

5. Counsel for Plaintiff may permit Plaintiff and any expert(s) or consultant(s) hired by Plaintiff to review the documents subject to this Protective Order, but counsel for Plaintiff must first obtain from Plaintiff and said expert(s) and/or consultant(s) a written statement confirming their agreement to comply with every element of this Protective Order. A copy of this Non-Disclosure Agreement is attached hereto as **Exhibit A**. Plaintiff and said experts shall agree that the documents and the contents thereof shall not be disclosed to any other person or entity and said documents shall not be photocopied or reproduced by any means, except for use in association with this lawsuit. Any documents provided to experts or consultants must be returned to counsel for BJ's Restaurants Operations Company or destroyed within thirty (30) days of the conclusion of the above-captioned litigation pursuant to the terms of Paragraph 9 below. Both consulting and testifying experts may review the documents in accordance with the terms of this paragraph, which paragraph does not alter the applicable disclosure requirements and/or privileges.

6. Notwithstanding the foregoing provisions, this Order shall be without prejudice to the right of any party to challenge the propriety of discovery on any grounds including, but not limited to, relevance, privilege, and materiality.

7. The inadvertent production of documents or material not designated Confidential and Proprietary will not be deemed a waiver of BJ's Restaurants Operations Company's right to so designate such documents or material or to seek such other confidential treatment as may be appropriate. The inadvertent failure to designate such documents or material Confidential and Proprietary shall be corrected by supplemental written notice to the receiving party as soon as practicable, and the receiving party shall make all reasonable efforts to retrieve all copies, if any, of such documents disclosed to any persons not otherwise entitled to view confidential material and to prevent further use or disclosure of Confidential and Proprietary information contained therein by any such persons.

STIPULATED PROTECTIVE ORDER
Case No. 2:24-cv-00051-ART-NJK

*See order issued concurrently herewith*

8. ~~Notwithstanding the foregoing provisions, the parties shall separately confer regarding the use of Confidential Material at trial and at any hearing, and to the extent an agreement cannot be reached, the Court shall intervene. A party seeking to file a confidential document, with any appropriate redactions, under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006 and *Pintos v. Pacific Creditors Association*, 605 F.3d 665, 678 (9th Cir. 2010)). Documents must be filed under seal using the Court's electronic filing procedures. *See* Local Rule IA 10-5. Papers filed with the Court under seal must be accompanied with a concurrently filed motion for leave to file those documents under seal. *See* Local Rule IA 10-5(a).~~

9. ~~The parties understand that the Court will maintain the Confidential Material it receives pursuant to paragraph 8 above under seal in accordance with the local and governing laws and rules.~~

10. If a party challenges the designation of any disclosure marked "Confidential and Proprietary" pursuant to this Protective Order, the challenging party shall provide the designating party written notice of any such challenge and shall identify in such notice the bates number of the documents and/or the deposition transcript at issue. The parties shall make good faith efforts to resolve the dispute. The party defending the designation shall have the burden of demonstrating to the Court that the designation is proper under this Protective Order. If the parties cannot resolve their dispute, it may be submitted to the Court for determination. The confidential information in controversy shall not be disclosed or declassified until required by the Court upon written order, or as agreed in writing by the party who designated the information. If the Court determines that the designation or challenge to such designation was made in bad faith, it may award sanctions.

11. At the conclusion of this lawsuit by settlement, a jury verdict, nonsuit, dismissal, by judgment order or otherwise, all BJ's Restaurants Operations Company's materials and

**STIPULATED PROTECTIVE ORDER**
Case No. 2:24-cv-00051-ART-NJK

documents, including any and all copies, or renditions made from the materials, must be returned to counsel for BJ's Restaurants Operations Company or destroyed within thirty (30) days of the conclusion of the above-captioned litigation.

12. A breach of the terms of this Order shall entitle counsel for BJ's Restaurants Operations Company to appropriate sanctions, including but not limited to attorney's fees and costs incurred in the enforcement of this Order.

IT IS SO STIPULATED and agreed as to the terms and conditions of this Protective Order.

| | |
|---|---|
| /s/ Alyssa N. Piraino | /s/ Jacquelyn Franco |
| Jacob S. Smith, Esq. | Jack P. Burden, Esq. |
| Alyssa N. Piraino, Esq. | Jacquelyn Franco, Esq. |
| **HENNESS & HAIGHT** | **BACKUS ǀ BURDEN** |
| 8972 Spanish Ridge Avenue | 3050 South Durango Drive |
| Las Vegas, Nevada 89148 | Las Vegas, NV 89117 |
| T: 702.826.8500 | Tel.:  (702) 872-5555 |
| F: 702.862.8204 | Fax:  (702) 872-5545 |
| alyssa@hennessandhaight.com | Email: jackburden@backuslaw.com |
| *Counsel for Plaintiff Tracy L'Heureux* | *Counsel for Defendant BJ's Restaurants Operations Company, INC* |

**IT IS SO ORDERED.**

DATED June 6, 2024

_____
United States Magistrate Judge

5

# STIPULATED PROTECTIVE ORDER
# Case No. 2:24-cv-00051-ART-NJK

## EXHIBIT A: NON-DISCLOSURE AGREEMENT

I, _____ (Print Name), being of full age, certify that I have read the Stipulated Protective Order entered in the case entitled, *Tracy L'Heureux v. BJ's Restaurant Operations Company*, having Case No. Case No. 2:24-cv-00051-ART-NJK, filed in the United States District Court in and for District of Nevada, and agree to be bound by its terms; to maintain that information designated as "Confidential and Proprietary" in confidence; not to use or disclose information designated as "Confidential and Proprietary" to anyone other than counsel for the parties involved in the action, parties involved in the action or any other expert or consultant that has also executed the Non-Disclosure Agreement; and not to use any documents or information protected by the Stipulated Protective Order except in connection with this case, provided that nothing shall prevent disclosure beyond the terms of this Order if the party claiming confidentiality consents in writing prior to disclosure.

I understand that any documents provided to me must be returned to counsel for BJ's Restaurants Operations Company or destroyed, within thirty (30) days of the conclusion of the above-captioned litigation pursuant to the terms of Paragraph 11 of the Stipulated Protective Order.

To effectuate my compliance with this Order, I further submit myself to the personal and subject matter jurisdiction of the United States District Court in and for District of Nevada, in this action.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
Signature

_____
Print Name

_____
Address